[Cite as *State v. Hall*, 2014-Ohio-2448.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case Nos. 25963 |
| | : | 25964 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 13-CR-2157 |
| v. | : | 13-CR-2499 |
| | : | |
| SHAWN HALL | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of June, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. #0013841, 125 West Main Street, Suite 201, Fairborn, Ohio 45324
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    These are two consolidated appeals. In Case No. 25963, defendant-appellant

Shawn Hall appeals from convictions and sentences, following guilty pleas, to one count of Assault, in violation of R.C. 2903.13(A), and to one count of Petty Theft, in violation of R.C. 2913.02(A)(1), both misdemeanors of the first degree. In Case No. 25964, Hall appeals from his conviction and sentence, following a guilty plea, to one count of Felonious Assault (deadly weapon), in violation of R.C. 2903.11(A)(2), a felony of the second degree.

{¶ 2}  Hall's appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he has not found any potential assignments of error having arguable merit. Neither have we. Accordingly, the judgments of the trial court from which these appeals are taken are Affirmed.

## I.  The Assault and Theft

{¶ 3}  Although the initial complaint alleged Robbery, Hall was charged by bill of information with Assault and with Petty Theft as the result of an incident in which he confronted his ex-girlfriend, while she was in her vehicle, punched her on the nose, causing it to bleed, and took her purse, containing $42, her Ohio driver's license, and her house and car keys. The purse was locate by the victim some time later, but its contents had been removed.

{¶ 4}  Hall pled guilty to these charges, following a plea colloquy that satisfied all the requirements of Crim.R. 11. A pre-sentence investigation was ordered.

## II.  The Felonious Assault

{¶ 5}  While Hall was awaiting sentencing on his Assault and Petty Theft convictions, he was arrested for Felonious Assault, involving a different victim. Hall waived indictment, and

was charged by a bill of information.  At his plea hearing, he also waived 24-hour notice of the bill of information, which charged that he "did knowingly cause or attempt to cause physical harm to [the victim], by means of a deadly weapon or dangerous ordnance, to-wit: a [baseball] **BAT**; ∗ ∗ ∗ ."

{¶ 6}    Hall pled guilty to this charge, following a plea colloquy satisfying all the requirements of Crim.R. 11.  His plea was taken upon the express agreement by the parties and by the court that he would be sentenced to a prison term of four years.  The trial court already having ordered a pre-sentence investigation in the Assault and Petty Theft case, a pre-sentence investigation was waived in this case.

### III.   The Sentence

{¶ 7}    The trial court imposed the agreed sentence of four years for Felonious Assault, and imposed 180-day sentences for Assault and for Petty Theft, with all sentences to be served concurrently, for a total sentence of four years, subject to a jail-time credit of 75 days.   Although Hall's Felonious Assault victim was treated in a hospital for her injury, the State indicated that it had no evidence to present on the issue of restitution, and that the victim's primary interest was in having no further contact with Hall.   The trial court did not award restitution in either case.

### IV.   Our Review of the Record Discloses No Potential
### Assignments of Error Having Arguable Merit

{¶ 8}    Pursuant to our duty under *Anders*, we have reviewed the record in both of these consolidated appeals, including the transcripts of the plea hearings in each case, the pre-sentence

investigation report prepared in the Assault and Petty Theft case, and the transcript of the sentencing hearing, which the trial court held as a single hearing for both cases. The plea colloquies complied with all the requirements of Crim.R. 11, and we have found nothing in the transcript of either plea colloquy to suggest that Hall's pleas were less than knowing and voluntary. The sentences imposed were within the statutory range established for each offense, and the total sentence – four years – was the sentence to which Hall specifically agreed when he pled guilty. Considering Hall's substantial record of prior misdemeanor and felony convictions, we find no abuse of discretion with respect to the two 180-day sentences for the misdemeanor convictions in this case.

{¶ 9}   We conclude that there are no potential assignments of error having arguable merit. Accordingly, the judgments of the trial courts in these two, consolidated appeals are Affirmed.

. . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.


Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Hon. Steven K. Dankof

Case Name:     *State of Ohio v. Shawn Hall*
Case No:                Montgomery App. Nos. 25963 & 25964
Panel:                    Fain, Hall, Welbaum
Author:                  Mike Fain
Summary: